http://www.va.gov/vetapp16/Files2/1617296.txt

Citation Nr: 1617296 
Decision Date: 04/29/16 Archive Date: 05/04/16

DOCKET NO. 12-10 692 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida

THE ISSUES

1. Entitlement to an increased disability rating for residuals of a left femur fracture with left patellectomy and degenerative arthritis of the left knee (a left leg disorder), currently evaluated as 30 percent disabling.

2. Entitlement to an increased disability rating for degenerative arthritis of the right knee (a right knee disorder), currently evaluated as 10 percent disabling.

REPRESENTATION

Appellant represented by: The American Legion

WITNESSES AT HEARING ON APPEAL

The Veteran and his wife

ATTORNEY FOR THE BOARD

B. Rideout, Associate Counsel

INTRODUCTION

The Veteran had active duty service in the U.S. Air Force from March 1968 to July 1970. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 2010 rating decision from the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida. 

The Veteran's claims were previously remanded by the Board for further development in July 2015. At that time, the Board also denied the Veteran's claim for an increased disability rating for service-connected scars and remanded claims for service connection for a low back disorder, a right shoulder disorder, and a total disability rating based upon individual unemployability due to service-connected disabilities (TDIU). The Veteran's claims for a low back disorder, a right shoulder disorder and TDIU were subsequently granted in a November 2015 rating decision, which the Veteran has not appealed. As such, only the Veteran's left leg and right knee disorder claims are back before the Board for appellate review. 

The Veteran testified at a videoconference hearing before the undersigned Veterans Law Judge in May 2015. A transcript of that hearing has been associated with the claims file.
 
This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

Although the Board regrets the additional delay, a remand is necessary to ensure that due process is followed and that there is a complete record upon which to decide the Veteran's claim so that he is afforded every possible consideration. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. 

First, the Board finds that the Veteran should be afforded additional VA examinations for his left leg and right knee disorders. While the Veteran was afforded VA examinations in September 2015 in connection with his claims, those examination reports are inconsistent and inaccurate. For example, the September 2015 bilateral knee examination report noted that the Veteran used a cane occasionally; however, the same examiner then noted that the Veteran did not use any type of assistive device in the September 2015 examination of the left hip. Further, the Board notes that the Veteran's VA medical records, as well as his September 2015 spine examination, noted that the Veteran was using a cane on regular or constant basis. Additionally, the September 2015 VA bilateral knee examination report also noted that the Veteran had never had a meniscus condition. However, review of the claims file shows that a January 2010 MRI report diagnosed a complex tear of the left medial meniscus. As such, the Board finds that the Veteran should be afforded another VA examination for his left leg and right knee disorders, which adequately considers the Veteran's medical records and accurately reports on the severity and manifestation of his disorders.

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. The AOJ should request that the Veteran provide the names and addresses of any and all health care providers who have provided treatment for his left leg and right knee disorders. After acquiring this information and obtaining any necessary authorization, the AOJ should obtain and associate these records with the claims file. 

2. Contact the appropriate VA Medical Center, to include Castle Point, and obtain and associate with the claims file all outstanding records of treatment. If any requested records are not available, or the search for any such records otherwise yields negative results, that fact must clearly be documented in the claims file. Efforts to obtain these records must continue until it is determined that they do not exist or that further attempts to obtain them would be futile. The non-existence or unavailability of such records must be verified and this should be documented for the record. Required notice must be provided to the Veteran and his or her representative. 

3. After the above development has been completed, the Veteran should be afforded a VA examination, by an examiner other than the one who conducted the September 2015 examination, to determine the severity and manifestation of the Veteran's service-connected residuals of a left femur fracture with left patellectomy and degenerative arthritis of the left knee and degenerative arthritis of the right knee. Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed. The examiner is requested to review all pertinent records associated with the claims file, including the Veteran's service treatment records, post-service medical records, and assertions.
 
The examiner should note that the Veteran is competent to attest to matters of which he has first-hand knowledge, including observable symptomatology. If there is a medical basis to support or doubt the history provided by the appellant, the examiner should provide a fully reasoned explanation.

The examiner must provide accurate and fully descriptive assessments of all symptoms of the Veteran's service-connected left leg and right knee disorders, to include any related left hip symptoms. An explanation for all opinions expressed must be provided. 

4. The Veteran should be notified that it is his responsibility to report for the examination and to cooperate in the development of the claim. The consequences for failure to report for a VA examination without good cause may include denial of the claim. 38 C.F.R. §§ 3.158, 3.655. 

In the event that the Veteran does not report for the aforementioned examination, documentation should be obtained which shows that notice scheduling the examination was sent to the last known address. It should also be noted if any notice that was sent was returned as undeliverable.

5. After completing these actions, the AOJ should conduct any other development as may be indicated by a response received as a consequence of the actions taken in the preceding paragraphs.

6. When the development requested has been completed, the case should be reviewed by the AOJ on the basis of the additional evidence. If the benefits sought on appeal are not granted, the Veteran and his representative should be furnished a Supplemental Statement of the Case and be afforded a reasonable opportunity to respond before the record is returned to the Board for further review.
 
The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
GAYLE E. STROMMEN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).